IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION
**HAYDEN HEAD**
**SENIOR U. S. DISTRICT JUDGE**

| | | |
|---|---|---|
| | § | |
| IN RE REGINA MARISA RICHARDSON | § | Misc. Cause No. 7:12-mc-1177 |
| | § | |

## ORDER OF CONTEMPT AND SANCTIONS

By order of this Court entered on August 28, 2012, the cases of *United States v. Osvaldo Javier Silva-Hernandez* (7:12-cr-74-2) and *United States v. Baldemar Davila* (7:12-cr-522-7) were set for sentencing hearings to be held on October 17, 2012. On October 17, 2012, Regina Marisa Richardson, attorney for defendants, electronically filed motions to continue the hearings. The motions were denied. The cases were called but Ms. Richardson did not appear. The sentencings were reset for November 19, 2012. The Court entered an order for Ms. Richardson to show cause for her failure to appear.

On November 19, 2012, the Court held a hearing for Ms. Richardson to show cause why she should not be held in contempt of court for failure to appear for the October 17, 2012 hearings in *United States v. Silva-Hernandez* (7:12-cr-74-2) and *United States v. Davila* (7:12-cr-522-7). She provided no reasonable explanation except to say that she had no transportation to court, which the Court does not accept. The Court's review of Ms. Richardson's case history in the Southern District of Texas showed a lengthy pattern of disregard of court orders, including habitual tardiness, failures to

appear to court, and failures to comply with court-ordered sanctions. The Court also noted that Ms. Richardson was not ready to represent her clients at the November 19, 2012 sentencings after a month delay.

"Civil contempt requires 'clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court order.'" *United States v. Woodberry*, 405 Fed.Appx. 840, 843 (5th Cir. 2010) (quoting *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004)). Good faith is not a defense. *Id*. The sanctionable conduct is the failure to provide the court good cause for the absence or delay in a timely manner. *Id*. at 844; *see also United States v. Onu*, 730 F.2d 253, 256-58 (5th Cir. 1984). The remedy for such conduct is "'wholly remedial' and serve[s] to benefit the party who has suffered injury or loss at the hands of the contemnor." *Woodberry*, 405 Fed.Appx. at 843 (quoting *Petroleos Mexicanos v. Crawford Enter., Inc.*, 826 F.2d 392, 399 (5th Cir. 1987)); *see also In re Bradley*, 588 F.3d 254, 264 (5th Cir. 2009) ("The present case concerns neither punitive criminal contempt nor coercive civil contempt; rather it concerns 'compensatory' or 'remedial' civil contempt.").

This Court finds that there were two orders in effect that required Ms. Richardson to appear at the October 17, 2012 sentencing hearings to defend her clients, that she was aware of them, and that she did not comply with the Court's orders. During the show cause hearing, Ms. Richardson argued that she filed motions to continue the settings


because she was unable to get to court.  The Court does not find persuasive her excuse that she could not find transportation.  Support for her statements cannot be found in the record of the contempt proceeding, nor can it be found in Ms. Richardson's record of attendance to court.  Her motions to continue the sentencing hearings filed on the day of those hearings were untimely and were not genuine.  Ms. Richardson failed to show cause for her non-appearances on October 17, 2012.  Therefore, the elements of civil contempt are met.  The Court finds Ms. Richardson in civil contempt.

Further, Ms. Richardson's appearances on November 19, 2012 showed that she was still unprepared for her clients' sentencing hearings.  The Court was forced to terminate Ms. Richardson's services and appoint new counsel in the case of *United States v. Silva-Hernandez* (7:12-cr-74-2).  The sentencings of Silva-Hernandez and co-defendant Alejandro Javier Martinez-Pedraza were again reset.  The Court was able to proceed to sentencing in the case of *United States v. Davila* (7:12-cr-522-7) later in the day after Ms. Richardson was given additional time to confer with her client and file objections.

An appropriate remedy for Ms. Richardson's conduct is to make the government whole for the harm it sustained by her failure to appear on October 17, 2012 and her unpreparedness on November 19, 2012.  This includes Ms. Richardson's deliberate disobedience of the Court's orders, expenses to the parties and witnesses in attendance, and expense to the United States for transportation and housing of the defendants.  During the November 19, 2012 show cause hearing, the Court received evidence of costs

incurred by the government. The government filed a Memorandum of Agent Expenses, seeking reimbursement of costs of present witnesses and other housing and transportation costs caused by Ms. Richardson in *United States v. Silva-Hernandez* (7:12-cr-74-2) and *United States v. Davila* (7:12-cr-522-7). Costs to the government for the expenditure of agents' time on October 17, 2012 and November 19, 2012 exceed $800.00. Costs to the United States Marshal Service for prisoner housing and transportation exceed $5,000.00.

The Court finds Ms. Richardson cannot afford to pay the costs necessary to wholly remedy her conduct. Ms. Richardson is ordered to pay a sanction of $500.00 to the United States District Clerk's Office within 90 days. Ms. Richardson is ordered to pay the sanctions previously imposed by the Court in the amounts of $75 and $50 within thirty days.

The Court further orders Ms. Richardson to familiarize herself with the obligations and duties of attorneys practicing in the United States District Court, Southern District of Texas. She is ordered to observe sentencing hearings held before Chief Judge Hinojosa and to attend pretrial, trial, and sentencing hearings before United States District Judges Crane and Alvarez. Ms. Richardson must spend eight hours in each judge's courtroom, for a total of twenty-four hours. Ms. Richardson must also confer with the Federal Public Defender's Office in McAllen to seek remedial methods of practice. These measures must be completed within six months and should prepare her to represent clients in a thorough and timely fashion.

Ms. Richardson is not to take or receive new felony cases in the Southern District of Texas until she complies with the Court's order. She will submit proof of compliance.

ORDERED this 3rd day of December, 2012.

_____
HAYDEN HEAD
SENIOR UNITED STATES DISTRICT JUDGE